UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ANDRE CHARLES,                                   :

     Plaintiff,                :     Case No.

  -against-                             :

G-III APPAREL GROUP, LTD.; DONNA     :     **COMPLAINT**
KARAN INTERNATIONAL LLC; and
DONNA KARAN INTERNATIONAL         :
INC.,

     Defendants.           :

-------------------------------------------------------X


   Plaintiff Andre Charles, by his attorneys, Scarola Zubatov Schaffzin PLLC, for his

Complaint against the defendants, alleges as follows:

### NATURE OF THE ACTION

   1.  This is an action for copyright infringement and related claims against the

defendants, who copied and incorporated customized graffiti-inspired visual artworks designed

by plaintiff ("Mr. Charles") into their DKNY brand of high-end ready-to-wear apparel and

accessories, which they have produced, marketed, displayed, offered for sale, sold, distributed,

and licensed nationwide, successfully attracting youthful consumers through the appeal of Mr.

Charles' urban street art. Although Mr. Charles, a renowned graffiti artist and designer who was

acting as an independent contractor, was encouraged by defendants to design their DKNY urban

campaign and was promised that he would be compensated once it was marketed, he was

ultimately told that his designs would not be used. In fact, however, Mr. Charles' copyrighted

designs were, and are to this day, widely used and promoted by defendants in their DKNY line of clothing and accessories, as illustrated below.

## JURISDICTION AND VENUE

2.    This is an action for copyright infringement under the Copyright Act (17 U.S.C. § 501) and for violations of the Digital Millenium Copyright Act (17 U.S.C. § 1202) and of Mr. Charles' right of attribution under the Visual Artists Rights Act (17 U.S.C. § 106A).  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    The Court has personal jurisdiction over the defendants because they are each headquartered and are doing business in the City and State of New York and in this District.

## THE PARTIES

4.    Mr. Charles is a well-known graffiti artist and designer who resides in Brooklyn, New York.  He began his career as a street artist in the 1980s, painting in public spaces, notably creating iconic murals of the Seinfeld characters; Jean Michel Basquiat; Princess Diana; Mike Tyson; Joe Camel (shown suffering from the effects of inhaling his eponymous product); and Tupac Shakur (a black and white photograph of "Wall Mural Tupac Shakur Live by the Gun" by Andre Charles is displayed in the Smithsonian Museum of African American History and Culture).  As Mr. Charles and his crew earned a higher profile, Mr. Charles' career expanded into product design, for products and entities such as Red Bull, Mountain Dew, Pepsi, Soul Cycle, Chick by Nicky Hilton, Mecca Clothing, Jodi Guber's "Beyond Yoga" line and Donna Karan's own Urban Zen Foundation.  His street art also appeared in an episode of "Law and Order."

2

5.      Defendant G-III Apparel Group, Ltd. ("G-III") is a Delaware corporation with headquarters at 512 Seventh Avenue, New York, New York.  G-III is a global leader in fashion with expertise in the design, sourcing, distribution and marketing of its brands, which include owned and licensed brands, anchored by four key owned brands: DKNY, Donna Karan, Karl Lagerfeld and Vilebrequin.  The DKNY and Donna Karan brands were acquired in 2016 when G-III purchased the defendant Donna Karan International Inc. ("DKI") from LVMH Moët Hennessy Louis Vuitton SE ("LVMH").  The DKNY brand is marketed and distributed by G-III through department stores, DKNY stores and digital platforms, partner-operated stores and online retailers.  G-III also licenses DKNY apparel and accessories.  G-III has full control over the design, production, distribution and marketing of its DKNY brand.  G-III's in-house design teams oversee the development of the DKNY products and G-III arranges for the production of products from manufacturers and the distribution of those products through retail and digital channels.  In the fiscal year ended January 31, 2026, DKNY's net sales were approximately $650 million.

6.      Defendant Donna Karan International LLC ("DKLLC") is a Delaware limited liability company and a wholly-owned subsidiary of G-III.  DKLLC was established after G-III's acquisition of DKI in 2016 and, on information and belief, took over some of DKI's operations. DKLLC's headquarters are located at 512 Seventh Avenue, New York, New York.

7.      Defendant DKI is a Delaware corporation that was founded by Donna Karan, acquired by LVMH in 2001, and sold by LVMH to G-III in 2016.  On information and belief, DKI is a wholly-owned subsidiary of G-III.  While owned by LVMH, DKI was responsible for the operations of the Donna Karan and DKNY apparel and accessories lines and retail stores.  DKI's headquarters are located at 512 Seventh Avenue, New York, New York.

## FACTUAL BACKGROUND

8.    Mr. Charles became acquainted with Donna Karan and, beginning in 2007, with the encouragement of Ms. Karan and DKI employees, Mr. Charles began creating graffiti-inspired designs for use in DKNY apparel and accessories.  Mr. Charles was told that he was spearheading an urban campaign to make DKNY products more appealing to youthful consumers and that he would be compensated for his product designs when they were marketed.  After Mr. Charles had been compensated for two dresses he designed for DKNY, he was ultimately told that his other designs would not be used by DKNY.

9.    Mr. Charles was never an employee of G-III, DKI, or DKLLC.  When creating designs for the DKNY line, Mr. Charles was acting at all times as an independent contractor.  This is evidenced by the fact that Mr. Charles' designs for DKNY were signed by him with a copyright notice.

10.    The designs Mr. Charles created for DKNY were not works for hire and fall outside the categories of works for hire specified in 17 U.S.C. § 101(2) (contribution to a collective work; part of a motion picture or other audiovisual work; translation; supplementary work;  compilation;  instructional text; test; answer material for a test; or an atlas).

11.    Mr. Charles' designs were – and are to this day – widely used and promoted by DKI, DKLLC and G-III in DKNY clothing and accessories.  In each case, Mr. Charles' copyright notice on the original design was removed from the DKNY product.

12.    A small, but illustrative, sampling of the defendants' uses of Mr. Charles' distinctive designs on clothing, sneakers, tote bags and backpacks is shown below (items to the right of the red arrows depict the infringing uses and those to the left the original designs):



13.    Mr. Charles' designs for DKNY are original, independently created by Mr. Charles and, rather than being copied from pre-existing works, are the fruits of his own intellectual labor.  The arrangements, layouts and shapes of letters and the selection, coordination and arrangement of colors in these designs are creative and original.  As such, these designs are artistic creations capable of copyright protection.  Not only are Mr. Charles' designs copyrightable, but copyrights for 24 of these designs (including the seven designs depicted in paragraph 12 of this Complaint) have been registered with the U. S. Copyright Office (VAU001582845/2026-04-15, "Andre Charles Brick City – 2007" and 4 other unpublished works; VAU001582850/2026-04-15, "One World Every City – 2007" and 8 other unpublished works; VAU001582852/2026-04-15, "Andre Love Art New York – 2011" and 9 other unpublished works).

14.    As indicated in the certificates of registration, Mr. Charles' DKNY designs are unpublished.

15.    Mr. Charles was not compensated for any of the defendants' unauthorized infringing uses of his original, creative, copyrighted works of visual art.

16.    On May 6, 2026, Mr. Charles sent a demand to the defendants that they cease and desist from continuing to infringe his copyrights.

**FIRST CLAIM FOR RELIEF**
(For Copyright Infringement, 17 U.S.C. § 501, Against all Defendants)

17.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth herein.

6

18.    Mr. Charles is the legal owner of the copyrights to the designs he created for the DKNY urban campaign.

19.    Beginning in 2007, the defendant DKI has infringed, and continues to infringe, Mr. Charles' exclusive rights as the copyright owner, under 17 U.S.C. § 106, to reproduce, copy, prepare derivative works based upon, distribute, offer for sale, sell, and display copies of Mr. Charles' graffiti-themed designs for DKNY.  Beginning in 2016, defendants DKLLC and G-III have infringed, and continue to infringe, those same exclusive rights belonging to Mr. Charles.

20.    The defendants' infringing reproduction, copying, preparation of derivative works based upon Mr. Charles' designs, distribution, offering for sale, selling, and displaying copies of Mr. Charles' designs infringed Mr. Charles' copyrights and were conducted without the consent or permission of Mr. Charles.

21.    The defendants did not compensate Mr. Charles for their infringing uses of his copyrighted designs.

22.    The defendants' infringing acts were willful, intentional, and with knowledge, or in reckless disregard, of Mr. Charles' rights, entitling Mr. Charles to enhanced statutory damages and precluding the defendants from deducting their overhead and other costs in connection with the calculation of their disgorgeable profits.

23.    As a result of the defendants' infringing conduct, Mr. Charles has suffered and will continue to suffer damages in the United States and globally, in an amount yet to be determined and to be established at trial.

7

24.    The defendants have obtained profits, in an amount yet to be determined and to be established at trial, that they would not have realized but for their infringement of Mr. Charles' copyrights in the designs he created for the DKNY urban campaign.

25.    Mr. Charles is entitled to recover from the defendants his actual damages suffered as a result of the infringement as well as disgorgement of defendants' profits attributable directly or indirectly to the infringement of his copyrights, in an amount yet to be determined and to be established at trial.  Alternatively, Mr. Charles is entitled to enhanced statutory damages to compensate him for defendants' infringements.

26.    Mr. Charles is entitled to injunctive relief preventing the defendants from continuing to infringe his designs and to the impoundment and forfeiture of all infringing products remaining in the defendants' possession.

## <u>SECOND CLAIM FOR RELIEF</u>
(For Contributory Copyright Infringement Against all Defendants)

27.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as though set forth herein.

28.    Each defendant, with knowledge of the infringing activities of the other defendants, materially contributed to the infringement of Mr. Charles' copyrights by intentionally inducing and actively encouraging the infringement through the creation, promotion, marketing, advertising and selling of DKNY products that copied Mr. Charles' copyrighted designs.

29.    Each defendant is jointly and severally liable for the damages suffered by Mr. Charles.

## THIRD CLAIM FOR RELIEF
(For Vicarious Copyright Infringement Against Defendant G-III)

30.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as though set forth herein.

31.    Since its acquisition of DKI in 2016, G-III has had the right and ability to supervise the infringing activities of defendants DKI and DKLLC.  G-III also has had a direct financial interest in those activities.

32.    Since 2016, G-III has had full control over, and has overseen, the design of the DKNY products that infringe Mr. Charles' copyrighted designs, as well as over the production, distribution, marketing and sale of those products.  This control represents an important and sustainable long-term profit driver for G-III, generating higher operating margins and providing an incremental income stream.

33.    Because it has controlled and benefited from the infringing activities of DKI and DKLLC, G-III is vicariously liable for those acts of copyright infringement.

## FOURTH CLAIM FOR RELIEF
(For Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b), Against all Defendants, for Removal of Copyright Management Information)

34.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as though set forth herein.

35.    Mr. Charles's signature and copyright legend on his designs for the DKNY urban campaign constitute copyright management information ("CMI") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(c).

9

36.    Defendants violated the DMCA, 17 U.S.C. § 1202(b), by intentionally removing Mr. Charles' CMI with the intent to induce, enable, facilitate, or conceal their infringement of Mr. Charles' copyrights, or having reasonable grounds to know that the removal of the CMI would induce, enable, facilitate, or conceal their infringement of Mr. Charles' copyrights.

37.    Mr. Charles is entitled to injunctive relief preventing the defendants from further concealing Mr. Charles' authorship and copyright ownership of the DKNY designs; actual damages and disgorgement of defendants' profits or, alternatively, statutory damages; and impoundment and forfeiture of infringing products in the defendants' possession.

**FIFTH CLAIM FOR RELIEF**
(For Violation of Plaintiff's Right of Attribution Under the
Visual Artists Rights Act Against all Defendants)

38.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as though set forth herein.

39.    Mr. Charles's designs for the DKNY urban campaign are works of visual art, as defined in 17 U.S.C. § 101.

40.    Defendants have violated the Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, by depriving Mr. Charles of his right of attribution when they copied his works of visual art without acknowledging his authorship of those designs.

41.    Mr. Charles is entitled to declaratory and injunctive relief, actual damages and disgorgement of profits, or, alternatively, statutory damages.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants as follows:

1.     Enjoining defendants from further infringing plaintiff's copyrights and further depriving plaintiff of his right of attribution;

2.     Impounding and forfeiting infringing products that remain in defendants' possession;

3.     Declaring that defendants have willfully infringed plaintiff's copyrights and have violated his rights under the DMCA and VARA;

4.     Awarding plaintiff his actual damages together with disgorgement of defendants' profits, or, alternatively, enhanced statutory damages;

5.     Awarding plaintiff full costs and his attorney's fees pursuant to 17 U.S.C. § 505; and

6.     Granting plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., plaintiff demands a trial by jury of all issues so triable.

11

Dated:   New York, New York
         May 28, 2026

                                   **SCAROLA ZUBATOV SCHAFFZIN PLLC**


                                   By:_____
                                         Daniel J. Brooks
                                   620 Fifth Avenue, Second Floor
                                   New York, New York 10020
                                   Tel. (212) 757-0007
                                   Fax (212) 757-0469
                                   dbrooks@szslaw.com

                                   *Attorneys for Plaintiff Andre Charles*

12